UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jaquan Marquis Bailey,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph Riehl, et al,<br><br>    Defendants. | Civil No. 3:24-cv-00993-SVN<br><br><br><br>June 12, 2024 |

### ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

 Plaintiff, Jaquan Bailey, has moved for leave to proceed *in forma pauperis* –in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

 To qualify for *in forma pauperis* status, Plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that Plaintiff "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

 In this case, Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit that appears to suggest, under penalty of perjury, that Plaintiff is neither employed, self-employed, or unemployed, answering all questions about his employment as

"N/A." ECF No. 2, at 3. His financial affidavit also indicates that his only income is $291 of monthly government cash benefits, *id.*, that he has no assets, *id.* at 4, and that he has no liabilities, *id.* at 5-6. Furthermore, his affidavit identified that he has no monthly obligations (i.e. rent, utilities, insurances, clothing, transportation, etc.). *Id.* at 5. As a result, the Court lacks any information on how he supports himself.

"When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 3:22-cv-00664 (SRU) (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022), *see also Duane N. v. Kijakazi*, No. 22-cv-000065(SRU)(TOF), ECF No.7 (D. Conn. Feb. 3, 2022) (recommended ruling) (withholding *in forma pauperis* status from a plaintiff whose financial affidavit identifies only government cash benefits and no monthly obligations), *report and recommendation adopted* No. 22-cv-0065(SRU), ECF No. 9 (D. Conn. Mar. 1, 2022).

"To demonstrate indigence, it is insufficient to write "0.00" or "none" on every line of the financial statement; rather, the plaintiff must indicate with greater specificity the amount of his income, the value of his assets, and the extent of his liabilities." *Salters v. Hyatt*, No. 3:22-cv-255(AVC)(RMS), 2022 WL 21756773, at *3 (D. Conn. Mar. 17, 2022).

The Court therefore orders that, by June 26, 2024, Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how he supports himself. Plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

In the event that Plaintiff candidly explains how he supports himself and successfully obtains leave to proceed *in forma pauperis*, his complaint will be subject to an initial review that plaintiffs who pay the filing fee do not face. Pursuant to 28 U.S.C. § 1915(e), a court must dismiss

an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

If Plaintiff needs assistance with the litigation of this case, the Court recommends that Plaintiff contact Attorney Cat Itaya of the Federal Pro Se Legal Assistance Program at (203) 850-7720. The Federal Pro Se Legal Assistance Program provides free, limited-scope legal services to self-represented litigants with cases in this court who cannot afford to hire an attorney.

                */s/ Maria E. Garcia*
                Hon. Maria E. Garcia
                United States Magistrate Judge